## ROWEL vs. BUHLER & AL.

APPEAL from the court of the third district.

The mortgagee may proceed against a third party in possession, when the mortgagor has failed.

MATHEWS, J. delivered the opinion of the court. In this case it appears that Helen de Grandpre.the wife of Samuel Fulton,having obtained a decree of separation of property from her husband and also a judgment against him for $5960 and interest, caused an execution to issue on said judgment, by virtue of which the sheriff of East Baton-Rouge seized a tract of land, as the property of said Fulton, which is claimed by the plaintiff in the present suit, who obtained an injunction to stay proceed-

ings on the execution, which was afterwards dissolved; and from the judgment and dissolution she took the present appeal.

In the course of the trial in the district court, a variety of bills of exceptions were taken to the admissibility of evidence offered by both parties. The first found, on the record, is to the introduction of a paper, purporting to be an act of sale of the land executed in this case by A. L. Duncan to the plaintiff, as agent for the surviving syndics of Samuel Fulton. The ground of objection to this evidence is want of proper authority in the person who assumed the character of agent. The want of power in the agent, may, (if such were his situation,) destroy the effect of the act of sale, but if properly proven is not a sound objection to its admissibility in evidence. The judge *a quo* did, therefore, not err in receiving it, subject to be opposed as to its effects.

The next exception is to the opinion of the court below by which a process verbal of the parish judge was received in relation to the loss of one of the books of record of the parish. The judge was examined as a witness in open court and proved the loss of the book. The proces verbal which was made at the time

the accident occurred, is only a detached account of the extent of the loss, and accompanied by the oath of the keeper was properly received.

A third bill of exceptions was taken to the counsel for the plaintiff to the introduction of the record of proceedings in the case of *Mrs. Fulton* vs. *her husband.* There is no reason expressed in the rule, why the evidence should have been rejected; nor can we imagine any that could authorise its rejection.

The facts of the case as they are exhibited by the evidence contained in the record, shew that Fulton, the husband, made a surrender of his property to his creditors some time in the year 1812; at the meeting of creditors his wife appeared and claimed $1000. Amongst the property surrendered was the tract of land now in dispute, which was sold to the appellant by persons assuming to act as syndics of the insolvent's estate; that a marriage contract was entered into between Fulton and his wife by which her dotal right was ascertained, and for which judgment was obtained as stated in the commencement of this opinion.

On these facts the counsel for the appellant contends: 1. That Mrs. Fulton is concluded

East'n. District.
Feb. 1825.

ROWELL
vs.
BUHLER & AL.

as to the amount of her claim, by appearing in the *concurso* of her husband, and that she must look to the syndics and property surrendered for remuneration. 2. That the marriage contract not having been recorded, in pursuance of the provisions of the act of 1813, gives her no lien or tacit mortgage on the property of her husband. And 3—that the appellant being a third possessor in good faith, cannot be disturbed in her possession, unless by an action of mortgage, &c.

A wife cannot appear in a court of justice without the authority of her husband, or authorization of a competent tribunal. In the case of *Fulton* vs. *his creditors*, it does not appear that his wife was empowered by him to appear in that suit, or that she had authority from the judge. Her acts, without such power and authority are not binding and conclusive on her rights. See *C. Code*, 428, *art.* 21 & 23.

The act of 1813 requires marriage contracts made either prior or subsequent to its enactment, to be recorded, and points out the officers of record to be that of the register of mortgages for those executed in the parish of New-Orleans; and the offices of the parish judge, for those executed in the different pa-

rishes.    The contract relied on by the appellee in the present case, is entered by the parish judge of E. Baton Rouge, as a true copy from the original on file in his office.

The law which requires the recording of such instruments, does not specify any particular manner in which the officers are bound to effect it.    They are not compelled to keep books for the purpose, in which the contracts must be entered at large, or by heads, &c.

We are of opinion that the original contract remaining permanently on file in the office of record, under the control of the recording officer, in the different parishes of the state, is equivalent to an actual transcribing of the instrument, as it answers all the purpose of giving notice to those who may be intrusted in acquiring knowledge of its existence.    The spirit of the law and intention of the legislature is thus satisfied; and the party to the contract ought not to be injured.

It only remains to settle the last difficulty, raised by the defendants' counsel.

According to the general principles of our laws, a mortgage creditor is bound, before he can legally seize hypothecated property in the hands of a third possessor, regularly to pursue

his action of mortgage, *i. e.* to obtain judg- East'n, District.<br>*Feb.* 1825.
ment against the original debtor, to produce it
and the act of mortgage, and give ten days no- Rowell<br>*vs.*<br>Buhler & al.
tice to the possessor, &c.   But there are seve-
ral exceptions to these rules; one of which
is the insolvency of the debtor and  cession  of
his goods.   From the evidence of the case,
the appellee, Mrs. Fulton, is clearly entitled to
the benefit of this exception, as it is shewn that
her husband has long since made a surrender
of his property, and is apparently insolvent.
See *Febrero, part.* 2, *book* 3, *chap.* 2, *no.* 85.

In the same authority another  exception  is
found to the general rule; that  is,  where  the
title under which the third person possesses, is
evidently null, *"en cuyo caso, y  no en otro, si ad-*
*mete la excepcion nulidad, como notoria, para poder*
*seguir la execucion.*  This provision does not ap-
pear to us, to militate against the general  doc-
trine, as recognized by several decisions of this
court, which requires proceedings  to  cause
fraudulent acts to be annulled.   In the present
case the counsel for the appellant, admitted in
argument, that the deed under which she
claims, is void and ineffectual in law, as having

East'n. District.
*Feb.* 1825,

ROWELL
*vs.*
BUHLER & AL.

been executed without proper authority, and in a legal course of proceedings.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Hennen* for the plaintiff, *Watts* & *Lobdell* for the defendants.